**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Fania Lemus,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Blackrock CM Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-24-02561-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Maria Fania Lemus' ("Plaintiff") Motion for Default Judgment against Defendants Blackrock CM Inc. and Joseph Nicovic and Tiffany Nicovic (collectively "Defendants"). (Doc. 11). The Court now rules on the motion.

## I. BACKGROUND

On September 24, 2024, Plaintiff filed a complaint against Defendants. Plaintiff alleges Defendants failed to pay minimum wages and wages due. (*See generally* Doc. 1). Defendants failed to file an answer or response. Upon Plaintiff's application, the Clerk of the Court entered default against Defendants on October 25, 2024. (Doc. 10). On November 26, 2024, Plaintiff filed a Motion for Default Judgment. (Doc. 11).

## II. DEFAULT JUDGMENT

Once the Clerk has entered default, a court may, but is not required to, grant default judgment under Rule 55(b) on amounts that are not for a sum certain. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In considering whether to enter default judgment, a court may consider the following factors:

(1) The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's

substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When considering these factors, a defendant is deemed to have admitted all well-pleaded allegations in the complaint but does not admit allegations related to damages or those that do no more than "parrot" the elements of a claim. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Upon consideration of the *Eitel* factors, the Court concludes that entry of default judgment against Defendants is proper.

### a. The First, Fifth, Sixth, and Seventh *Eitel* Factors

"The first, fifth, sixth, and seventh factors weigh in favor of or are neutral about default judgment in cases in which the defendants have not participated in the litigation at all." *Joe Hand Promotions Inc. v. Sand Bar Enterprises LLC*, No. CV-24-00436-PHX-SPL, 2024 WL 4769777, at *2 (D. Ariz. Nov. 13, 2024); *see also Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020) ("In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed."); *Stands v. Future Trans Sys. LLC*, No. CV-24-00506-PHX-ROS, 2024 WL 4786111, at *1 (D. Ariz. Nov. 14, 2024) ("In *Eitel*, the defendant appeared to defend against the claims. Thus, many applicable factors do not provide meaningful guidance in this case.").

The first factor, possibility of prejudice, weighs in favor of default judgment because Plaintiff will be left without recourse if default judgment is not granted. The fifth factor, the possibility of disputed material facts, weighs in favor of default judgment because there is no genuine dispute over material facts considering Defendants' failure to participate, the allegations (now deemed admitted), and Plaintiff's declaration. The sixth factor, excusable neglect, weighs in favor of default judgment because Defendants were duly served and no other facts indicate that Defendants' default is attributable to excusable neglect. Finally, the seventh factor, whether policy favors a decision on the merits, does

not preclude entering default judgment against Defendants. Although it is true that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, that is made "impractical, if not impossible," when a defendant fails to answer, *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)

### b. Second and Third *Eitel* Factors

"The second and third *Eitel* factors address the substantive merits of the claim and the sufficiency of the complaint and are often analyzed together." *Joe Hand Promotions, Inc. v. Garcia Pacheco*, No. CV-18-1973-BAS-KSC, 2019 WL 2232957, at *2 (S.D. Cal. May 23, 2019). The Ninth Circuit has suggested that these two factors favor entering judgment when a plaintiff has "state[d] a claim on which the [plaintiff] may recover." *PepsiCo, Inc*, 238 F. Supp. 2d at 1175 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Count One of Plaintiff's complaint claims that Defendants failed to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a). (Doc. 1 at 9-10). To succeed on this claim, "Plaintiff must prove that (a) [Plaintiff] was engaged in commerce or in the production of goods for commerce, and that (b) Defendants failed to pay [Plaintiff] the federal minimum wage." *Suarez v. IPVision Inc.*, No. CV-24-00118-TUC-AMM, 2024 WL 4680584, at *3 (D. Ariz. Nov. 5, 2024).

Count Two of Plaintiff's complaint claims that Defendants failed to pay minimum wage under the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-363. (Doc. 1 at 11-12). To succeed on this claim, "Plaintiff must prove that Defendants did not pay [Plaintiff] the minimum wage as required under the AMWA." *Suarez*, 2024 WL 4680584, at *3 (citing A.R.S. § 23-363(A)).

Finally, Count Three of Plaintiff's complaint claims that Defendant Blackrock CM Inc. failed to pay wages due and owed under the Arizona Wage Act ("AWA"), A.R.S. § 23-351. (Doc. 1 at 12-13). To succeed on this claim, "Plaintiff must prove that Defendants did not timely pay all wages due as required under the AWA." *Suarez*, 2024 WL 4680584, at *3 (citing A.R.S. §§ 23-351(A), (C)).

In the complaint, Plaintiff alleges that she was "engaged in commerce" while working as a "drywall finisher" for Defendants, who "own and/or operate . . . a light gauge metal framing, wall, ceiling and specialty finishes contractor [business]." (Doc. 1 at 6-7). Plaintiff alleges that she was an employee under the FLSA. (Doc. 1 at 7, 8). Plaintiff estimates she worked 16 hours in her sole workweek of employment.[1] (Doc. 1 at 7; Doc. 11-1 at 3). Although Defendants sent Plaintiff a check for $176 for eight hours of work, the check was "returned for nonsufficient funds." (Doc. 1 at 7). Thus, Plaintiff was not paid "any wages whatsoever for the workweek she worked." (Doc. 1 at 7). Taken as true, these allegations are sufficient to establish claims under the FLSA, AMWA, and AWA. Accordingly, the second and third *Eitel* factors favor entry of default judgment.

### c. Fourth *Eitel* Factor

"Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of [a defendant's] conduct." *Bankers Ins. Co. v. Old W. Bonding Co.*, No. CV11-1804 PHX-DGC, 2012 WL 2912912, at *2 (D. Ariz. July 16, 2012). If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). A district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993).

Here, Plaintiff seeks damages pursuant to the FLSA, AMWA, and AWA. (*See generally* Doc. 1). Plaintiff requests damages in the total amount of $1,056.00, plus post-judgment interest. (Doc. 11 at 11). The Court finds that the stated damages are not unreasonable or inappropriate. Accordingly, this factor weighs in favor of entering default judgment.

### d. Conclusion

On balance, the *Eitel* factors weigh in favor of granting Plaintiff's motion for default judgment. Having concluded that entry of default judgment is appropriate under the

---

[1] Although the complaint claims "Plaintiff worked approximately 20 total hours" in the workweek she worked, (Doc. 1 at 7), Plaintiff's declaration clarifies that she estimates she worked 16 total hours. (Doc. 11-1 at 3 ¶¶ 6, 9).

circumstances, the Court will now turn to evaluate Plaintiff's request for damages in the amount of $1,056.00 plus post-judgment interest.

### III. DAMAGES

The relevant statutes provide for damages as follows:

> The FLSA provides a cause of action for an employee to recover from his employer any unpaid minimum wages, unpaid overtime compensation, and "an additional equal amount as liquidated damages." *See* 29 U.S.C. § 216(b). For overtime compensation, an employee who works in excess of forty hours in a workweek should receive "compensation . . . at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(2)(C).
>
> The AMWA requires employers to pay their employees at least minimum wage and provides for employees to recover from their employers any unpaid minimum wages plus "an additional amount equal to twice the underpaid wages . . . ." Ariz. Rev. Stat. § 23-364(G).
>
> The AWA requires employers to pay their employees all due wages within a specified period of time and provides for the employee to recover "an amount that is treble the amount of the unpaid wages." Ariz. Rev. Stat. § 23-355(A).

*Suarez*, 2024 WL 4680584, at *4.

#### a. Unpaid Minimum Wages

Under the FLSA, Plaintiff calculated unpaid minimum wage damages of $232.00.[2] (Doc. 11 at 6). The FLSA amount is "engulfed" by Plaintiff's unpaid minimum wage damages under the AMWA; under the AMWA, Plaintiff calculated damages of $688.80.[3] The AMWA amount is "engulfed" by Plaintiff's unpaid minimum wage damages under the AWA; under the AWA, Plaintiff calculated damages of $1,056.00.[4] Plaintiff has sufficiently established she should be awarded damages in the amount of $1,056.00. Accordingly, the Court finds the requested damages award, plus post-judgment interest, appropriate.

---

[2] At 16 hours, Plaintiff's unpaid federal minimum wages are $116.00 ($7.25 * 16 hours). Plaintiff then took $116.00 and multiplied it by two to get the "additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Total = $232.00.

[3] "At 16 hours, Plaintiff's unpaid Arizona minimum wages for that workweek are $229.60 ($14.35 * 16 hours)." (Doc. 11 at 6). Plaintiff trebled this amount to get the "additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G). Total = $688.80.

[4] Plaintiff's agreed-upon rate of pay was approximately $22 per hour. (Doc. 11 at 5; Doc. 11-1 at 3). At 16 hours, Plaintiff's unpaid wages are $352.00 ($22.00 * 16 hours). Plaintiff then took $352.00 and trebled it to $1,056.00 under A.R.S. § 23-355.

## IV. ATTORNEYS' FEES

Plaintiff states that she intends to file a motion for attorneys' fees and costs, should the Court grant default judgment. (Doc. 11 at 10). The Court will not consider the attorneys' fees issue at this juncture. Following this award of Default Judgment, the Court will allow Plaintiff to move for reasonable attorneys' fees pursuant to Local Rule of Civil Procedure 54.2. Plaintiff must cite the applicable legal authority upon which she seeks the award of attorneys' fees.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** the Plaintiff's Motion for Default Judgment, (Doc. 11), is **GRANTED**. The Clerk of the Court shall enter judgment against Blackrock CM Inc. in the amount of $367.20.[5] The Clerk of the Court shall also enter judgment against Blackrock CM Inc, and Joseph and Tiffany Nicovic, jointly and severally in the amount of $688.80. Post-judgment interest will accrue at the applicable statutory rate on the total judgment from the date of this order until the judgment is satisfied.

**IT IS FURTHER ORDERED** that Plaintiff may submit a motion for attorneys' fees as specified above within 14 days of the date of this order; a bill of costs may also be filed at that time in accordance with Local Rule of Civil Procedure 54.1.

Dated this 7th day of January, 2025.

_____
James A. Teilborg
Senior United States District Judge

---

[5] Plaintiff stipulates that this portion of the judgment is collectable only against the employer. (Doc. 11 at 10).